The appealing party has shown good ground to reconsider the evidence. However, upon detailed reconsideration of the evidence, the Full Commission reaches the same conclusions as those reached by the Deputy Commissioner, with minor modifications. The Full Commission has determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support the findings of fact, conclusions of law and ultimate award.
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
2. Defendant was a duly qualified self-insured, with Helmsman Management Services, Inc., as servicing agent.
3. An employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff sustained an admittedly compensable injury on September 20, 1993, for which the parties entered into an Agreement for Compensation, Form 21, and pursuant to which plaintiff has received benefits since September 20, 1993.
5. Plaintiff's average weekly wage was $574.79, which yields a compensation rate of $383.21 per week.
6. The issue for determination before the Deputy Commissioner was whether plaintiff is entitled to benefits under N.C. GEN. STAT. §§ 97-31(19), (18), (21), and (24) in addition to benefits under N.C. GEN. STAT. § 97-29 for total and permanent disability.
7. The parties stipulated medical reports into the record:
a. Plaintiff's Stipulated Exhibit No. 1 — one page;
b. Plaintiff's Stipulated Exhibit No. 2 — fifteen pages;
c. Plaintiff's Stipulated Exhibit No. 7 — five pages;
d. Plaintiff's Stipulated Exhibit No. 8 — four pages;
e. Plaintiff's Stipulated Exhibit No. 9 — three pages;
f. Plaintiff's Stipulated Exhibit No. 10 — three pages;
g. Plaintiff's Stipulated Exhibit No. 11 — four pages;
h. Plaintiff's Stipulated Exhibit No. 12 — one page;
i. Plaintiff's Stipulated Exhibit No. 13 — two pages;
j. Plaintiff's Stipulated Exhibit No. 14 — one page;
k. Plaintiff's Stipulated Exhibit No. 15 — one page;
l. Plaintiff's Stipulated Exhibit No. 16 — one page;
m. Plaintiff's Stipulated Exhibit No. 17 — one page;
n. Plaintiff's Stipulated Exhibit No. 18 — one page;
o. Plaintiff's Stipulated Exhibit No. 19 — one page;
p. Plaintiff's Exhibit No. M-1 — twenty-one pages;
 q. Plaintiff's Exhibit No. M-2 — one hundred twenty-seven pages;
r. Plaintiff's Exhibit No. M-3 — fourteen pages;
s. Plaintiff's Exhibit No. M-5 — six pages;
t. Plaintiff's Exhibit No. M-6 — twenty-one pages;
u. Plaintiff's Exhibit No. M-7 — nineteen pages;
v. Plaintiff's Exhibit No. M-8 — five pages;
x. Charles L. Branch M.D. — twenty-three pages;
 y. Charlotte Institute of Rehab — one hundred twenty-nine pages;
z. Timothy G. Saunders M.D. — nineteen pages;
aa. Cecile Naylor, M.C. — twelve pages;
bb. Wake Forest Department of Psychiatry — sixteen pages;
cc. Douglas Eiseley, M.D. — nineteen pages;
dd. Donald Ambler, M.D. — three pages;
ee. James Foushee, M.D. — five pages;
ff. Outpatient Psychiatry — twelve pages.
 ***********
Based upon all of the competent evidence adduced from the record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the admittedly compensable injury, plaintiff was a fifty-two year old male, who was employed as a forklift operator.
2. As a result of the admittedly compensable injury, plaintiff has sustained a twenty-six percent (26%) loss of hearing to the right ear, a sixty percent (60%) loss of vision in the left eye, and damage to his brain.
3. Plaintiff is permanently and totally disabled as a result of the injuries to his brain, vision and hearing.
 ***********
The foregoing findings of fact engender the following:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to compensation for permanent and total disability at the rate of $383.21 for the remainder of his life, barring a change of condition. N.C. GEN. STAT. § 97-29;Whitley v. Columbia Lumber Mfg. Co., 318 N.C. 89,348 S.E.2d 336 (1986).
2. Plaintiff is not entitled to compensation for an impairment rating pursuant to section 97-31 while receiving compensation for total and permanent disability. N.C. GEN. STAT. § 97-31; Whitley v. Columbia Lumber Mfg. Co.,318 N.C. 89, 348 S.E.2d 336 (1986).
3. Plaintiff is entitled to have the defendant pay for medical expenses incurred, or to be incurred, as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability. N.C. GEN. STAT. §97-2(19).
4. Plaintiff did not prosecute this appeal without reasonable ground. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay compensation to plaintiff for total and permanent disability at the rate of $383.21 per week for the remainder of his life, barring a change of condition. This award is subject to the attorney's fee hereinafter approved.
2. A reasonable attorney's fee of twenty-five percent of the compensation awarded to plaintiff in paragraph 1 above is hereby approved to be deducted from sums due plaintiff and paid directly to counsel. With respect to future benefits, counsel shall continue to receive every fourth check.
3. Defendant shall pay medical expenses incurred or to be incurred when bills for the same have been approved, in accordance with the provisions of the Act.
4. Defendant shall pay the costs of this action.
5. Defendant's request for attorney's fees is denied.
 S/_____________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
S/_____________ LAURA K. MAVRETIC COMMISSIONER